IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV195-03-MU

MICHAEL DEWAYNE CLARK,           )
                                 )
        Plaintiff,                )
                                 )
        v.                        )
                                 )           **O R D E R**
DR. DAWKINS; DR. ATWOOD,         )
                                 )
        Defendants.               )
_____  )

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) filed on May 11, 2009.

In his Complaint, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs. Plaintiff filed a grievance on March 7, 2009 concerning his medical claim and thereafter filed an appeal of his grievance response. Plaintiff admits that his appeal of his grievance is currently pending.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money

damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, Plaintiff concedes that the appeal of his grievance is currently pending. Therefore, as admitted by Plaintiff, his grievance has not yet made its way through the three step grievance process. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's Complaint and attached grievance that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge